UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **PRIM CAPITAL CORPORATION,** | ) | **CASE NO.   1:09CV561** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **SCOTTIE PIPPEN,** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon the Motion of Defendant, Scottie Pippen, to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  (ECF DKT #4).  For the following reasons, the motion is granted.

### I. FACTUAL BACKGROUND

Plaintiff, Prim Capital Corporation ("Prim"), is an Ohio corporation and Defendant, Scottie Pippen ("Pippen"), is an individual residing in Florida.  Plaintiff alleges the amount in controversy exceeds $75,000, exclusive of interest and costs.

On October 19, 2004, Prim and Pippen entered into a contract, whereby Prim would

provide certain services to Pippen in return for monthly fees and a percentage of amounts recovered on claims described in the contract. (Exhibit "A" to the Complaint). At paragraph 1, Services, the contract states:

> Prim will serve as a litigation liaison with your attorneys in connection with the claims described above. Prim will assist your attorneys in gathering information and formulating strategies designed to maximize your recovery on such claims. Prim will also assist you in your dealings with other professionals (including accountants) in connection with the matters related to such claims.

Prim alleges it provided all services required under the contract; and, through April of 2007, Pippen paid all monthly fees and percentages of recovery due.

On May 2, 2007, Pippen informed Prim, by written notification (Exhibit "B" to the Complaint), that he was unilaterally terminating the relationship, saying: "Thanks again for your prior help, but, as of right now, consider our business dealings terminated."

Prim alleges, without specificity, that Pippen has breached the contract by failing to pay the percentages of recovery fees that have accrued since May 2, 2007; and Prim expects Pippen will not pay such percentages of recovery fees that will accrue in the future.

Pippen moves for dismissal of the single-count Complaint for breach of contract.

## II. LAW AND ANALYSIS

**Motion to Dismiss**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint and is granted when "accepting the allegations in the complaint as true and construing them liberally in favor of the plaintiff, the complaint fails to allege 'enough facts to state a claim for relief that is plausible on its face.'" *Ashmus v. Bay Vill. Sch. Dist. Bd. of Educ.*, 2007 U.S. Dist. LEXIS 62208 (N. D. Ohio

2007), *quoting Bell Atlantic Corp. v. Twombly,* U.S., 127 S.Ct. 1955, 1974 (2007). Claims alleged in the complaint must be "plausible," not merely "conceivable." *Id.* When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein. *Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir. 2001).

Quite recently, the United States Supreme Court rendered its decision in *Ashcroft v. Iqbal*, ____ U.S. ____, 129 S.Ct. 1937 (2009). The Court, by Justice Kennedy, discussed *Twombly* and provided additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

In the absence of evidence that a services agreement is for a specific, defined term, a contract which specifies pay rate, but not duration, is terminable at will. *Henkel v. Educational Research*, 45 Ohio St.2d 249, 251 (1976). Since Ohio law provides that services contracts, without a set duration, are terminable at will by either party; and since the Complaint does not allege Pippen owes any money for services rendered before the termination, Pippen asks the Court to dismiss the Complaint in its entirety for failure to state a claim upon which relief can be granted.

Prim's Complaint acknowledges Pippen provided written notice of termination. The

contract, attached and incorporated in the Complaint, has no fixed duration.  The allegations of the Complaint are based solely upon the written contract; and do not claim any breach prior to the May 2, 2007 termination letter.  Thus, since the contract was terminated in accordance with Ohio law, Prim has no plausible claim for recovery.

In the opposition brief, Prim argues the contract was for a contingent fee.  Prim further asserts entitlement to the compensation expressed in the contingent fee contract, which was terminated through no fault on its part, calculated upon money received by Pippen since May 2, 2007 from any source covered by the contract terms.  In support, Prim cites to *Roberts v. Montgomery*, 115 Ohio St. 502 (1926).  However, that case was expressly overruled by the Ohio Supreme Court in *Fox & Associates Co., L.P.A. v. Purdon*, 44 Ohio St. 3d 69 (1989); and thus, lends no support to Prim's position.

Within its opposition brief (ECF DKT #6, p.4), Prim attaches a proposed Amended Complaint and says: "If this Court believes that the added detail of the Amended Complaint is necessary Prim respectfully requests that this Court grant leave to file its proffered Amended Complaint."  The Sixth Circuit's "disfavor of such a bare request in lieu of a properly filed motion for leave to amend was made clear in *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir. 2000): 'What plaintiffs may have stated, almost as an aside to the district court in a memorandum in opposition to the defendant's motion to dismiss is also not a motion to amend.'" *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004) (quoting *Begala, supra*).  "*Plaintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies.*" *Begala*, 214 F.3d at 784 (emphasis in original).  Prim never properly filed a motion for leave to amend

in accordance with Fed. R. Civ. P. 7(b). The supposition that the District Court should "rescue" Prim "by *sua sponte* offering leave to amend the complaint is simply misplaced." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 438 (6th Cir. 2008).

### III. CONCLUSION

For all the foregoing reasons, the Motion of Defendant, Scottie Pippen, to Dismiss the Complaint is granted.


**IT IS SO ORDERED.**

**DATE: August 19, 2009**


                                S/Christopher A. Boyko
                                **CHRISTOPHER A. BOYKO**
                                **United States District Judge**